1  LAWRENCE G. PAPALE (67068)
   LAW OFFICES OF LAWRENCE G. PAPALE
2  1308 Main Street #117
   St. Helena, CA 94574
3  Telephone: (707) 963-1704
   Facsimile: (707) 963-0706
4  E-mail: lgpapale@papalelaw.com
5
   JOSEPH M. PATANE, ESQ. (72202)
6  LAW OFFICE OF JOSEPH M. PATANE
   2280 Union Street
7  San Francisco, CA 94123
   Telephone: (415) 563-7200
8  Facsimile: (415) 346-0679
9  malioto@tatp.com
   laurenrussell@tatp.com
10
   Attorneys for Plaintiff
11

12              **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14                                          C 07 5171
   KANGSIK KAY, on behalf of himself and all )   Case No.
15 others similarly situated,                )
                                             )
16              Plaintiff,                   )   **CLASS ACTION COMPLAINT**
                                             )
17 vs.                                       )
                                             )
18 KOREAN AIRLINES CO. LTD. and              )
   ASIANA AIRLINES, INC.                     )   **JURY TRIAL DEMANDED**
19                                           )
                Defendants.                  )
20                                           )
                                             )
21 _____           )

22

23

24

25

26

27              **CLASS ACTION COMPLAINT**

28

                          **1**
                 **CLASS ACTION COMPLAINT**

1       Plaintiff Kangsik Kay ("Kay") on behalf of himself and all others similarly situated in

2   the United States brings this action for treble damages and injunctive relief under the federal

3   antitrust laws of the United States against Defendants Korean Air Lines Co., Ltd. and Asiana

4   Airlines, Inc. ("Defendants"), demanding trial by jury, and complaining and alleging as follows:

5                                      **NATURE OF THE CASE**

6       1.      This lawsuit is brought as a class action on behalf of individuals and entities that

7   purchased airline tickets for travel between the United States and Korea from Defendants, their

8   predecessors, or their controlled subsidiaries and affiliates during the period beginning no later

9   than January 1, 2000 and continuing until at least July 31, 2006 (the "Class Period").

10      2.      Defendants are the two largest Korean airlines and the only Korean airlines

11  offering international passenger flights to and from the United States. Plaintiff alleges that

12  during the Class Period, Defendants conspired to fix, raise, maintain or stabilize prices for

13  wholesale and passenger fares charged for air travel between the United States and Korea.

14      3.      Plaintiff alleges that Defendants' cartel and conspiracy is in violation of Section

15  1 of the Sherman Act, 15 U.S.C. § 1, which prohibits restraints of trade. Plaintiff seeks treble

16  damages and injunctive relief on behalf of himself and all other similarly situated direct

17  purchasers of wholesale and passenger fares during the Class Period.

18                                 **JURISDICTION AND VENUE**

19      4.      This Court has subject matter jurisdiction over this action based on Sections 4

20  and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26) which confer to the United States district

21  courts jurisdiction over actions seeking damages and costs, including reasonable attorneys' fees,

22  for violations of the Sherman Act. Section 16 of the Clayton Act, 15 U.S.C. § 26, is the basis

23  for this Court's jurisdiction over Plaintiff's claim for injunctive relief. This Court also has

24  jurisdiction under 28 U.S.C. §§ 1331 and 1337.

25      5.      This Court has personal jurisdiction over Defendants because they systematically

26  and continually conduct business in the United States, including marketing, advertising, and

27  sales directed to residents here.

28

1    6.    Venue is laid in this District pursuant to 15 U.S.C. §§15 and 22, and 28 U.S.C. §
2  1391(b) and (c). Venue is proper in this judicial district because during the Class Period one or
3  more of the Defendants resided, transacted business, was found, or had agents in this district,
4  and because a substantial part of the events giving rise to Plaintiff's claims occurred in this
5  district, and a substantial portion of the affected interstate trade and commerce described below
6  has been carried out in this district.

7                                          **DEFINITIONS**

8    7.    As used herein, the term "Air Passenger Services" includes wholesale and
9  passenger fares charged for air travel flights between the United States and Korea.

10    8.    As used herein, the term "passenger fare" refers to the base fare and the fuel
11  surcharge charged to passengers by Defendants and its co-conspirators.

12    9.    As used herein, the term "wholesale fare" refers to "H" class passenger tickets
13  sold to travel agents in the United States who paid a discounted published fare, or "wholesale
14  fare," for those tickets.

15    10.    The "Class Period" or "relevant period" means the period from at least January 1,
16  2000 and continuing through at least July 31, 2006.

17    11.    "Person" means any individual, partnership, corporation, association, or other
18  business or legal entity.

19                                          **PLAINTIFF**

20    12.    Plaintiff Kangsik Kay ("Kay") is a California resident. During the relevant
21  period, Kay purchased a passenger airfare from Defendant Korean Airlines Co. Ltd. and has
22  been injured by reason of the antitrust violations alleged in this Complaint.

23                                          **DEFENDANTS**

24    13.    Defendant Korea Air Lines Co. Ltd. ("Korean Air") is a foreign airline organized
25  under the laws of South Korea, with its principal place of business located at 1370 Gonghang
26  Dong, Kangseo Ku, Seoul, South Korea. During the Class Period, Korean Air provided Air
27  Passenger Services to customers throughout the world, including between the United States and
28  Korea.

3
**CLASS ACTION COMPLAINT**

1    14.    Defendant Asiana Airlines, Inc. ("Asiana") is a foreign airline organized under
2    the laws of South Korea, headquartered as Kangseo P.O. Box 98 #47, Oseo-dong, Kangseo-Ku,
3    Seoul, Korea. During the Class Period, Asiana provided Air Passenger Services to customers
4    throughout the world, including between the United States and Korea.

## UNNAMED CO-CONSPIRATORS

6    15.    On information and belief, various other air passenger carriers, trade associations,
7    persons and/or entities, not named as Defendants herein, have participated as co-conspirators
8    with Defendants and have performed acts and made statements in furtherance of the conspiracy
9    and/or in furtherance of the anticompetitive, unfair or deceptive conduct alleged herein. The
10   allegations in this Complaint apply equally to these unnamed co-conspirators.

11   16.    Whenever in this Complaint reference is made to any act, deed or transaction of
12   any corporation, the allegation means that the corporation engaged in the act, deed or transaction
13   by or through its officers, directors, agents, employees or representatives while they were
14   actively engaged in the management, direction, control or transaction of the corporation's
15   business or affairs.

16   17.    Each of the Defendants named herein acted as the agent or joint venturer of or for
17   the other Defendants with respect to the acts, violations and common course of conduct alleged
18   herein. Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.
19   Defendants, and each of them, are individually sued as participants and as aiders and abettors in
20   the improper acts and transactions that are the subject of this action.

## INTERSTATE TRADE AND COMMERCE

22   18.    During the Class Period, Defendants were major companies in the Air Passenger
23   Services industry.

24   19.    Throughout the Class Period, the Air Passenger Services purchased from
25   Defendants by Plaintiff and the other Class members created a continuous and uninterrupted
26   flow of transactions between air passenger carriers and airline customers for air travel within, to,
27   and from the United States, including this District. Defendants' unlawful conduct took place
28   within the flow of interstate commerce and affected airline customers located throughout the

4
**CLASS ACTION COMPLAINT**

1    United States, including this District, as well as throughout the world. Defendants' unlawful

2    conduct had a direct, substantial, and reasonably foreseeable effect in restraint of trade on both

3    interstate and international commerce.

## CLASS ACTION ALLEGATIONS

5        20.    Plaintiff brings this action on behalf of himself and as a class action under the

6    provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all

7    members of the following class:

> All persons and/or entities that purchased Air Passenger Services from
> Defendants, their co-conspirators, or any present or former parent, subsidiary or
> affiliate of Defendants, at any time during the period from at least January 1,
> 2000, to at least July 31, 2006, the exact dates being unknown to Plaintiff.
> Excluded from the Class are Defendants, their co-conspirators, all present or
> former parents, predecessors, subsidiaries or affiliates of Defendants, and all
> governmental entities.

13        21.    This action has been brought and may properly be maintained as a class action

14    pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

15            a.    The Class is ascertainable and there is a well-defined community of

16    interest among members of the Class;

17            b.    Based upon the nature of trade and commerce involved and the number of

18    direct purchasers of Air Passenger Services from Defendants, Plaintiff believes that the

19    members of the Class number in the thousands, and therefore are sufficiently numerous that

20    joinder of all Class members is not practicable;

21            c.    Plaintiff's claims are typical of the claims of the members of the Class

22    because Plaintiff directly purchased Air Passenger Services from Defendants, and therefore

23    Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the

24    members of the Class and the relief sought is common to the Class;

25            d.    The following common questions of law or fact, among others, exist as to

26    the members of the Class:

27

28

**5**
**CLASS ACTION COMPLAINT**

1            i.      Whether Defendants formed and operated a combination or

2    conspiracy to fix, raise, maintain, and/or stabilize the price of Air Passenger Services in the

3    United States and throughout the world during the Class Period;

4            ii.      Whether the combination or conspiracy caused the prices of Air

5    Passenger Services to be higher than they would have been in the absence of Defendants'

6    conduct;

7            iii.     The operative time period of Defendants' combination or

8    conspiracy;

9            iv.      Whether Defendants' conduct caused injury to the business or

10    property of Plaintiff and the members of the Class;

11            v.      The appropriate measure of the amount of damages suffered by

12    the Class;

13            vi.      Whether Defendants' conduct violates Section 1 of the Sherman

14    Act;

15            vii.     Whether Defendants took steps to actively conceal the conspiracy;

16    and

17            viii.    The appropriate nature of class-wide equitable relief.

18        e.    These and other questions of law and fact common to the members of the

19    Class predominate over any questions affecting only individual members, including legal and

20    factual issues relating to liability and damages;

21        f.    After determination of the predominant common issues identified above,

22    if necessary or appropriate, the Class can be divided into logical and manageable subclasses;

23        g.    Plaintiff will fairly and adequately protect the interests of the Class in that

24    Plaintiff has no interests that are antagonistic to other members of the Class and has retained

25    counsel competent and experienced in the prosecution of class actions and antitrust litigation to

26    represent him and the Class;

27        h.    A class action is superior to other available methods for the fair and

28    efficient adjudication of this litigation since individual joinder of all damaged Class members is

**6**
**CLASS ACTION COMPLAINT**

1 || impractical. The damages suffered by the individual Class members are relatively small, given

2 || the expense and burden of individual prosecution of the claims asserted in this litigation. Thus,

3 || absent the availability of class action procedures it would not be feasible for Class members to

4 || redress the wrongs done to them. Even if the Class members could afford individual litigation,

5 || the court system could not. Further, individual litigation presents the potential for inconsistent or

6 || contradictory judgments and would greatly magnify the delay and expense to all parties and the

7 || court system. Therefore, the class action device presents far fewer case management difficulties

8 || and will provide the benefits of unitary adjudication, economy of scale and comprehensive

9 || supervision in a single court; and

10 ||            i.       Defendants and their co-conspirators have acted, and/or refused to act, on

11 || grounds generally applicable to the Class, thereby making appropriate final injunctive relief with

12 || respect to the Class as a whole.

13 || 

## BACKGROUND

14 ||       22.      Throughout the period covered by this Complaint, Defendants engaged in the

15 || business of marketing and selling Air Passenger Services throughout world, including the

16 || United States.

17 ||       23.      Defendants are two of the largest providers of Air Passenger Services in the

18 || United States and the world.

19 ||       24.      Air Passenger Services are a commodity product that can be provided by any one

20 || air passenger carrier, and can be readily substitutable for any other air passenger carrier.

21 ||       25.      The Air Passenger Services market in the United States and worldwide is highly

22 || concentrated, and substantial barriers to entry exist. Both factors facilitate the implementation

23 || and maintenance of a horizontal price-fixing cartel such as this conspiracy perpetrated by

24 || Defendants and its co-conspirators.

25 ||       26.      Throughout the period covered by this Complaint, the exact dates being unknown

26 || to Plaintiff, Defendants conspired or combined for the purpose and effect of instituting, raising,

27 || fixing, maintaining or stabilizing the price of Air Passenger Services between the United States

28 || and Korea.

1    27.    On August 1, 2007, the United States Department of Justice ("DOJ") issued a

2 press release stating, among other things, that Defendant Korean Air had agreed to plead guilty

3 and pay $300 million for its role in a conspiracy to fix the price of passenger flights to and from

4 the United States and Korea. Under the plea agreement, Korean Air has agreed to cooperate with

5 the DOJ's ongoing investigation into the industry.

6    28.    Korean Air and Asiana are both members of the Association of Asia Pacific

7 Airlines ("AAPA"), a trade association that has been in existence for over 40 years. This

8 common association facilitated the exchange of pricing information between Korean Air and

9 Asiana.

10    29.    Defendants have engaged in a contract, combination, trust or conspiracy, the

11 effect of which was to raise the prices for Air Passenger Services to artificially inflated levels.

12    30.    During the Class Period, Plaintiff and the class members purchased Air

13 Passenger Services from the Defendants.

14    31.    Plaintiff and the class member paid more for Air Passenger Services than they

15 would have paid had Defendants not colluded to fix the prices for Air Passenger Services at

16 supracompetitive levels.

17    32.    As a direct and proximate result of Defendants' conspiracy, Plaintiff and the class

18 members have been injured and financially damaged in their respective businesses and property

19 in presently undetermined amounts.

20    **VIOLATIONS ALLEGED**

21    **(Violation of Section 1 of the Sherman Act)**

22    33.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

23 every allegation set forth in the preceding paragraphs of this Complaint.

24    34.    Beginning at a time unknown to Plaintiff, but from at least January 1, 2000, and

25 continuing through at least July 31, 2006, the exact dates being unknown to Plaintiff, Defendants

26 entered into a continuing agreement, understanding, and conspiracy in restraint of trade to

27 artificially raise, fix, maintain and/or stabilize the price of Air Passenger Services paid by

28

1  Plaintiff and the other Class Members, in violation of Section 1 of the Sherman Act, 15 U.S.C.
2  §1.

3      35.    In formulating and carrying out the alleged agreement, understanding, and
4  conspiracy, the Defendants did those things that they combined and conspired to do, including,
5  but not limited to the acts, practices, and course of conduct set forth above, and the following,
6  among others:

7          a.    Participated in meetings, phone conferences and other communications to
8              exchange information used by Defendants to formulate and implement the
9              Air Passenger Services price increases;

10          b.    Agreed to the prices that would be charged for Air Passenger Services;

11          c.    Issued price announcements and price quotations in accordance with the
12              agreements reached; and

13          d.    Engaged in meetings, conversations and communications for the purposed
14              of monitoring and adhering to the agreed-upon prices.

15      36.    The combination and conspiracy alleged herein has had the following effects,
16  among others:

17          a.    Price competition in Air Passenger Services has been restrained,
18              suppressed and/or eliminated;

19          b.    Prices assessed by Defendants for Air Passenger Services have been
20              fixed, raised, maintained and stabilized at artificially high, non-
21              competitive levels; and

22          c.    Those who purchased Air Passenger Services from Defendants have been
23              deprived the benefits of free and open competition.

24      37.    During the Class Period, Plaintiff and members of the Class purchased Air
25  Passenger Services from Defendants.

26      38.    As a direct and proximate result of Defendants' illegal contract, combination and
27  conspiracy, Plaintiff has been injured and will continue to be injured in his business and property
28

9
**CLASS ACTION COMPLAINT**

1  by paying more for Air Passenger Services provided by Defendants than they would have paid
2  in the absence of the combination and conspiracy.

3  39.  Plaintiff and the members of the Class request three times their actual damages
4  that resulted from Defendants' illegal conspiracy to fix the prices for Air Passenger Services.
5  The total amount of damages is presently undetermined.

6  40.  Plaintiff and the Class are entitled to an injunction against Defendants, preventing
7  and restraining the violations alleged herein.

8  ## FRAUDULENT CONCEALMENT

9  41.  Throughout the relevant period, Defendants affirmatively and fraudulently
10  concealed their unlawful conduct against Plaintiff and the Class.

11  42.  Plaintiff and the members of the Class did not discover, and could not have
12  discovered through the exercise of reasonable diligence, that Defendants were violating the
13  antitrust laws as alleged herein until August 1, 2007, when the DOJ issued a press release stating
14  that Korean Air Lines Co., Ltd. had agreed to plead guilty and pay a $300 million fine for its
15  role in a conspiracy to fix fares charged to passengers and certain travel agents for flights to and
16  from the United States and Korea from January 2000 until July 2006.

17  43.  Plaintiff and the members of the Class could not have discovered the violations
18  earlier than that time because Defendants conducted their conspiracy in secret, concealed the
19  nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their
20  activities through various other means and methods designed to avoid detection. The conspiracy
21  was by its nature self-concealing. In addition, during the Class Period, Defendants falsely
22  attributed price increases to the rising cost of jet fuel. Defendants also falsely informed their
23  customers that they were unable to lower prices of Air Passenger Services due to the increased
24  cost of jet fuel.

25  44.  Plaintiff had no reason to disbelieve these statements which on their face
26  appeared to be reasonable explanations for the increasing prices for Air Passenger Services.
27  Furthermore, most of the explanations provided by Defendants involved non-public and/or
28  proprietary information completely in the Defendants' control such that Plaintiff and members

**10**
**CLASS ACTION COMPLAINT**

1  of the Class could not verify their accuracy. Defendants' purported reasons for the price

2  increases of Air Passenger Services were materially false and misleading and were made for the

3  purpose of concealing Defendants' anti-competitive scheme as alleged herein. In truth, at all

4  relevant times, the prices of Air Passenger Services were artificially inflated and maintained as a

5  direct result of the Defendants' anti-competitive scheme, the operation of which was a

6  substantial (but undisclosed) factor in the pricing of Air Passenger Services during the Class

7  Period.

8      45.    As a result of Defendants' fraudulent concealment of the conspiracy, Plaintiff and

9  the Class assert the tolling of any applicable statute of limitations affecting the rights of action of

10  Plaintiff and the members of the Class.

11  ## PRAYER FOR RELIEF

12  WHEREFORE, Plaintiff prays as follows:

13  A.    That the Court determine that this action may be maintained as a class action

14  under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

15  B.    That the Court adjudge and decree that the unlawful conduct, contract,

16  combination and conspiracy alleged herein constitutes a *per se* unreasonable restraint of trade in

17  violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

18  C.    That judgment be entered against Defendants and in favor of Plaintiff and the

19  Class he represents for treble damages as allowed by the Sherman Act, as determined to have

20  been sustained by them, together with costs of suit, including reasonable attorneys' fees;

21  D.    That Defendants, their co-conspirators, successors, transferees, assigns, parents,

22  subsidiaries, affiliates, and the officers, directors, partners, agents and employees thereof, and all

23  other persons acting or claiming to act on behalf of Defendants, or in concert with them, be

24  permanently enjoined and restrained from, in any manner, directly or indirectly, continuing,

25  maintaining or renewing the combinations, conspiracy, agreement, understanding or concert of

26  action, or adopting or following any practice, plan, program or design having a similar purpose

27  or effect in restraining competition;

28

**11**
**CLASS ACTION COMPLAINT**

1    E.    That the Court award Plaintiff and the Class he represents attorneys' fees and

2  costs, and pre-judgment and post-judgment interest as permitted by law; and

3    F.    That the Court award Plaintiff and the Class he represents such other and further

4  relief as may be necessary and appropriate.

5                                        **JURY DEMAND**

6        Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

7

8  Dated: October 9, 2007          By:    *Lawrence G. Papale*

9                                        Lawrence G. Papale (67068)
                                         LAW OFFICES OF LAWRENCE G. PAPALE
10                                       1308 Main Street #117
                                         St. Helena, CA 94574
11                                       Telephone: (707) 963-1704
                                         Facsimile: (707) 963-0706
12                                       E-mail: lgpapale@papalelaw.com

13                                       Joseph M. Patane (72202)
                                         LAW OFFICES OF JOSEPH M. PATANE
14                                       2280 Union Street
15                                       San Francisco, CA 94123
                                         Telephone: (415) 563-7200
16                                       Facsimile: (415) 346-0679
                                         E-mail: jpatane@tatp.com
17

18                                       Attorneys for Plaintiff Kay
                                         And All Others Similarly Situated
19

20

21

22

23

24

25

26

27

28